IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI

| | |
|---|---|
| LANA WEINBACH, | ) |
| | ) |
|     Plaintiff, | ) |
| | ) |
| v. | ) |
| | )   Case number: |
| THE BOEING COMPANY | ) |
| | ) |
|   Serve: Registered Agent | ) |
|        CSC-Lawyers Incorporating | ) |
|        Service Company | ) |
|        221 Bolivar Street | ) |
|        Jefferson City, MO 65101 | ) |
| and | ) |
| | ) |
| COMPUTERSHARE, INC. | ) |
| | )   **Jury Trial Requested** |
|   Serve: Registered Agent | ) |
|        United Agent Group, Inc., | ) |
|        12747 Olive Blvd., Suite # 300 | ) |
|        St. Louis, Missouri 63141 | ) |

## **COMPLAINT**

1. In this action, Plaintiff Lana J. Weinbach seeks compensation for shares of stock she held in Defendant The Boeing Company ("Boeing") that Boeing, along with its agent Computershare, Inc. ("Computershare") wrongfully remitted to the Treasurer of the State of Missouri (the "Treasurer") in violation of Missouri's Disposition of Unclaimed Property Act and regulations and Missouri law.

2. The overriding purpose of Missouri's Disposition of Unclaimed Property Act is to ensure property is returned to its rightful owners. That purpose was wholly ignored and undermined in this case.

1

## PARTIES, JURISDICTION AND VENUE

3. Plaintiff Lana J. Weinbach is a 74-year-old woman who resides in St. Louis County, Missouri. Her address is 8720 W Kingsbury Avenue, St. Louis, Missouri 63124 (the "W Kingsbury Address"). The Kingsbury Address has been her primary address for at least the past 60 years.

4. Defendant The Boeing Company is a Delaware corporation with its corporate headquarters located in Chicago, Illinois.

5. Boeing can be served through its Registered Agent CSC-Lawyers Incorporating Service Company, 221 Bolivar Street, Jefferson City, Missouri 65101.

6. Defendant Computershare, Inc. ("Computershare") is a Delaware corporation, with its U.S. corporate headquarters and principal place of business in Canton, Massachusetts. Computershare is a subsidiary of the Australian Company, Computershare Ltd.

7. Computershare can be served through its Registered Agent, United Agent Group, Inc., 12747 Olive Blvd., Suite # 300, St. Louis, Missouri 63141.

8. Upon information and belief, Computershare was the transfer agent for Boeing and was acting in its individual capacity and in its capacity as Boeing's agent at all relevant times herein.

9. This Court has jurisdiction over this matter pursuant to 28 U.S.C. § 1332(a) in that the amount in controversy exceeds $75,000 and this action is between citizens of different States.

10. Under Missouri Revised Statute §506.500.1 (3), Defendants are subject to personal jurisdiction in Missouri because they committed a tortious act in Missouri, as set forth

below, by wrongfully remitting Plaintiff's stock to the Treasurer and thereby depriving Ms. Weinbach of her property. Plaintiff's causes of action arise out of this wrongful conduct.

11. Venue is proper in this Court pursuant to 28 U.S.C. § 1391(b) in that a substantial part of the event or omissions giving rise to this action occurred in St. Louis County and Weinbach was first injured in St. Louis County, Missouri by being deprived of her stock there.

## FACTUAL BACKGROUND

12. Lana Weinbach is the daughter of Ben and Sarah Weinbach. Ms. Weinbach's mother, Sarah, died in 1977. Her father, Ben, died in January 2009.

13. Sarah and Ben Weinbach, before their deaths, and Lana Weinbach all had resided at 8720 W Kingsbury Avenue, St. Louis, Missouri (the "W Kingsbury Address"). The W Kingsbury Address has remained Ms. Weinbach's primary address since approximately 1952.

14. During their lives, Mr. and Mrs. Weinbach purchased securities and, as part of their estate planning, titled the securities jointly with Lana Weinbach.

15. Those securities include the shares of stock that are the subject matter of this action that were jointly owned by Lana Weinbach and Ben Weinbach.

16. Prior to 1997, Ms. Weinbach, along with her parents, jointly owned 2,000 shares of McDonnell Douglas stock as joint tenants with right of survivorship.

17. When Sarah Weinbach passed away in 1977, Ms. Weinbach and her father became the sole owners of the shares. Thus, by 1997, Ms. Weinbach and her father had been the sole owners of the McDonnell Douglas shares for approximately 20 years.

18. Throughout this period, the address of record for the McDonnell Douglas shares was 8720 W Kingsbury, St. Louis, MO 63124.

19. On information and belief, in August of 1997, Boeing acquired and/or merged with McDonnell Douglas.

20. As part of that merger, Lana Weinbach and Ben Weinbach received 1.3 shares of Boeing stock for each share of McDonnell Douglas stock they owned. As a result, the Weinbachs' 2000 McDonnell Douglas shares were exchanged for 2600 Boeing shares (hereinafter, the "Original Boeing Shares").

21. Approximately one year later on or around August 5, 1998, the Weinbachs purchased an additional 1,400 Boeing shares.

22. The 2600 Boeing shares the Weinbachs received in the 1997 Boeing-McDonnell Douglas acquisition and the 1,400 Boeing shares they purchased one year later were owned by Ben and Lana Weinbach as joint tenants with right of survivorship and had the same address of record: 8720 W Kingsbury, St. Louis, MO 63124.

23. In or around 2008, Boeing through its agent Computershare, reported 2,589 of the Weinbachs' Original Boeing Shares as presumed abandoned property to the Treasurer and transferred them, via electronic book-entry, to the Treasurer. It did so, as set forth below, without notice to Lana and Ben Weinbach.

24. As a result, Lana Weinbach and Ben Weinbach were dispossessed of their Boeing shares, as well as the dividends associated with those shares.

25. In reporting and transferring the Weinbachs' Boeing shares to the Treasurer as presumed abandoned property, Defendants failed to comply with Missouri's Uniform Disposition of Unclaimed Property Act.

26. Lana Weinbach and Ben Weinbach had resided at the W Kingsbury Address for decades before Defendants transferred the Weinbachs' Boeing shares to the Treasurer.

27. At all times, Lana Weinbach and Ben Weinbachs' address registered with Boeing, and its predecessor, McDonnell Douglas, was their W Kingsbury Address.

28. In fact, eight of the McDonnel Douglas shares (equal to 10.4 Boeing exchanged shares) and 1,400 of the Boeing shares purchased by the Weinbachs in 1998 were not transferred to the Treasurer and, to this day, are owned by Ms. Weinbach with the address of record being the W Kingsbury Address.  Defendants clearly were able to connect the eight McDonnell Douglas shares owned by the Weinbachs to the same account that held the 1,400 Boeing shares purchased in 1998.  Defendants should have done the same for the remaining 2,589 Original Boeing Shares, but failed to do so.

29. In short, Boeing and Computershare knew or had reason to know the whereabouts of Lana Weinbach and Ben Weinbach at the time they reported and transferred the 2,589 shares to the Treasurer.

30. The value of the Weinbachs' shares at the time Defendants reported and transferred the Boeing shares to the Treasurer as presumed abandoned property exceeded $135,000.

31. Defendants did not make any location efforts that were commensurate with or that reflected the substantial value of the Weinbachs' Boeing shares at the time Defendants reported and transferred the shares to the Treasurer's office.

32. On information and belief, despite having such knowledge, in violation of Mo. Rev. Stat. §447.539.5, Defendants failed to exercise reasonable and necessary diligence as is consistent with good business practice in attempting to locate or notify Lana Weinbach and Ben Weinbach before reporting and transferring the Weinbachs' Boeing shares to the Treasurer as presumed abandoned property.

33. Defendants failed to take steps necessary to prevent the reporting and transferring of the Boeing shares as presumed abandoned property, in that Defendants did not

    a) review Boeing's records to determine whether the Weinbachs had other active accounts, which as set forth in ¶¶21, 27–28, the Weinbachs clearly did; or

    b) send Lana Weinbach and/or Ben Weinbach a notice regarding the Boeing shares via first class mail postage prepaid and marked "Address Correction Requested" or other communication apprising the Weinbachs that it considered the Boeing shares to have been abandoned and intended to deliver them to the Treasurer as such.

34. On information and belief, Boeing failed to send any communication of any type to Lana Weinbach and Ben Weinbach regarding the Boeing shares it deemed abandoned.

35. Further, on information and belief, in violation of the Missouri Code of State Regulations, 15 CSR 50-3-070 (3)(C), Defendants made no attempt to telephone Lana Weinbach and Ben Weinbach regarding the purportedly abandoned Boeing shares.

36. Lana Weinbach and Ben Weinbach did not receive at any time any correspondence, notices or telephone calls from Defendants regarding the Boeing shares it treated as abandoned.

37. At the time Defendants failed to make proper efforts to contact Ben Weinbach and Lana Weinbach as set forth above, no statute of limitations on any claim Ben Weinbach and Lana Weinbach had against Defendants had expired.  To the contrary, to the extent such a claim existed, Ben Weinbach and Lana Weinbach had no knowledge or reason to inquire whether any such claim had even accrued.

38. On information and belief, in or around October 2010, the Treasurer sold Ms. Weinbach's 2,589 Boeing shares.

39. The value of 2,589 Boeing shares that were wrongfully transferred to the Missouri Treasurer's office as of February 28, 2018 is in excess of $960,000, far exceeding the price at which the Treasurer sold them.

40. Even crediting for the proceeds of the Treasurer's sale, Lana Weinbach has suffered substantial losses.

41. Ms. Weinbach was a "buy-and-hold" Boeing shareholder, as evidenced by her continuing to own the 1,400 shares purchased in 1998. She likewise would have continued to own the 2,589 Original Boeing Shares that Defendants wrongfully escheated to the Treasurer and would have fully participated in the gains in value of Boeing shares.

42. In short, had Defendants reviewed Boeing's records, they could have easily determined that the Weinbachs maintained another active account within Boeing, which held the 1,400 Boeing shares purchased in 1998 and, upon information and belief, the eight McDonnell Douglas shares (equal to 10.4 Boeing exchanged shares), and should not have considered the Weinbachs' Original Boeing Shares as abandoned. Indeed, Defendants would have been barred from presuming the shares as abandoned.

43. Moreover, had Defendants provided proper notice to Lana Weinbach and Ben Weinbach that it considered the Boeing shares abandoned, Lana Weinbach and Ben Weinbach would have taken appropriate action to prevent the Boeing shares from being presumed abandoned.

44. Neither of the Defendants provided Lana Weinbach any notice or indication of the foregoing. As a result, she did not know, and had no reason to know, that Defendants had dispossessed her of her Boeing shares.

45. Lana Weinbach did not ascertain that she had been so dispossessed until March 8, 2013 (at the earliest), when she contacted the Missouri State Treasurer's office to inquire if she had any unclaimed property after she had viewed a television infomercial stating that States held "unclaimed" property for their residents.

46. Upon further inquiry, she learned that she may have been injured by such dispossession and, upon still further inquiry, that she suffered substantial damages as set forth above.

47. Ms. Weinbach attempted to obtain further information regarding the status of the wrongfully escheated shares from Boeing on multiple occasions, but was denied by Defendants.

48. Defendants, individually and jointly, attempted to influence Ms. Weinbach by intimidation and asserting false and misleading statements that they had "done everything right" with respect to the wrongfully escheated Boeing shares. Such self-serving statements were made for the Defendants' own interests, financial and otherwise, and to prevent Plaintiff from recovering losses she sustained as a result of Defendants' wrongful escheat of her Boeing shares.

49. Upon information and belief, Defendants engaged in cover up, both passive and active, in concealing evidence by not providing certain requested information related to the wrongful escheat of Ms. Weinbach's Boeing shares. And when information regarding the wrongful escheat of her shares was provided to Ms. Weinbach, such information was false and misleading and intended for Defendants' own interests, financial and otherwise, and to prevent

Plaintiff from recovering the losses she sustained as a result of Defendants' wrongful escheat of her Boeing shares.

50. As set forth above, Defendants did not comply with Missouri's Disposition of Unclaimed Property law in that they did not review or properly review Boeing's records to determine that the Weinbachs actually maintained another account with Boeing, did not make proper efforts to locate Ben Weinbach and Lana Weinbach, and did not provide them proper notice that Defendants deemed the Original Boeing Shares to be abandoned and intended to transfer them to the Treasurer.

51. As a result, Defendants did not "deliver[] the abandoned property *pursuant to [Missouri Revised Statute] sections 447.505 to 447.595*" and is not entitled to be relieved from liability under Missouri Revised Statute §447.545.1.

52. In addition, on information and belief, Defendants delivered the Boeing shares to the Treasurer by an electronic book-entry by changing the registered owner of the shares rather than by the delivery of a duplicate certificate to the Treasurer. Accordingly, Defendants are not entitled to be relieved from liability under Missouri Revised Statute §447.545.4.

## COUNT I:
### Negligence

53. Plaintiff restates and incorporates the allegations contained in ¶¶ 1 through 52 as though fully set forth herein.

54. Defendants, individually and jointly, owed a duty to Plaintiff to exercise reasonable and necessary diligence to review Boeing's records properly to locate the Weinbachs' other active account with Boeing and locate and communicate with Plaintiff and her father prior to reporting and transferring the Boeing shares to the State Treasurer's Office as presumed abandoned property.

55. Missouri Revised Statute §447.539.5 provides:

> If the holder of property presumed abandoned pursuant to sections 447.500 to 447.595 knows the whereabouts of the owner, if the owner's claim has not been barred by the statute of limitations, and the property involved is valued at fifty dollars or more, the holder shall, before filing the annual report, communicate with the owner and take necessary steps to prevent abandonment from being presumed. The holder shall exercise such reasonable and necessary diligence as is consistent with good business practice to ascertain the whereabouts of such owner of property valued at fifty dollars or more within one year prior to reporting the property to the state treasurer.

56. Defendants' obligation to exercise "such reasonable and necessary diligence as is consistent with good business practice to ascertain the whereabouts of such owner," is explained in Missouri Revised Statute §447.503(11) (emphasis added):

> **"Reasonable and necessary diligence as is consistent with good business practice", efforts appropriate to and commensurate with the nature and value of the property at issue**; however, the holder shall send a notice regarding the unclaimed property via first class mail postage prepaid, marked "Address Correction Requested". Such letter shall be sent by the holder within twelve months prior to turning the property over to the treasurer.

57. Further clarifying Defendants' obligation to make attempts to locate owners of allegedly abandoned property, The Missouri Code of State Regulations, 15 C.S.R. 50-3.070 (3), regarding "Searching for Owners" provides:

> (3) Searching for Owners. Holders are to exercise reasonable and necessary diligence as is consistent with good business practice in attempting to locate owners of abandoned property of fifty dollars ($50) or more. These location efforts should be timed to occur prior to the reporting deadline (May 1, life insurance companies or November 1, all other entities). Owner location efforts may include, but are not limited to:
>
> (A) Reviewing the holder [Boeing's] records to determine whether the owner has other active account(s) within the entity. **If the owner has an active account other than the property subject to the abandonment period, that property shall not be considered abandoned and the holder shall update its records accordingly**;

10

    (B) Mailing a letter, first-class with postage prepaid and with return address requested, to the last known address of the owner;

    (C) Contacting the owner by telephone is acceptable notification; however, the holder shall document that contact was made.

(emphasis added).

    58. As set forth in detail above, Defendants failed to exercise reasonable care and breached their duty to Ms. Weinbach in that Defendants:

    a. failed to exercise reasonable and necessary diligence as is consistent with good business practice to ascertain the whereabouts of Ben Weinbach and Lana Weinbach in that Defendants, at all times, had in their records and readily available to them information showing that Ben and Lana Weinbach had another active account with Boeing;

    b. while knowing or having reason to know the whereabouts of Ben Weinbach and Lana Weinbach, failed to communicate with them at any time regarding the Boeing shares and Defendants' incorrect assumption that the Boeing shares had been abandoned;

    c. failed to exercise reasonable and necessary diligence as is consistent with good business practice to ascertain the whereabouts of Ben Weinbach and Lana Weinbach in that Defendants did not, at any time, send Ben and Lana Weinbach a notice regarding the unclaimed property via first class mail postage prepaid marked "Address Correction Requested";

    d. failed to exercise reasonable and necessary diligence as is consistent with good business practice to ascertain the whereabouts of Ben Weinbach and Lana Weinbach in that Defendants did not, at any time, send a letter to Ben Weinbach and Lana Weinbach in the ordinary course of business, first class and "Address Correction Requested";

    e. failed to make any effort to contact Ben Weinbach and Lana Weinbach by telephone;

    f. otherwise failed to make location efforts that were commensurate with and that reflected the substantial value of Ms. Weinbach's shares; and

    g. wrongfully escheated the Original Boeing Shares, which should have never been considered as abandoned in the first place, and should have been treated in the same manner as Defendants treated the eight McDonnell Douglas shares (equal to 10.4 Boeing exchanged shares) as set forth in ¶ 27 above.

59. As set forth in detail above, the Boeing shares had a value well in excess of Fifty Dollars and no claim of Ben Weinbach and Lana Weinbach was barred by the statute of limitations.

60. As set forth in detail above, Lana Weinbach was, and is, the rightful owner of her wrongfully escheated Boeing shares.

61. As set forth in detail above, Lana Weinbach was injured by the Defendants' wrongful conduct, which included violations of Missouri's Disposition of Unclaimed Property Act and Regulations, in that she was dispossessed of the Boeing shares and their dividends, which exceeds $75,000 in value.

62. As set forth in detail above, Lana Weinbach was injured as a result of the Defendants' wrongful conduct in that but for Defendants' misconduct in improperly presuming the Boeing shares were abandoned, and transferring them to the Treasurer, and by their failure to communicate with Ben Weinbach and Lana Weinbach regarding the Shares and their alleged abandonment, Lana Weinbach would still possess such Boeing shares and would have the opportunity to retain them or sell them at a time of her own choosing.

WHEREFORE, Plaintiff Lana Weinbach respectfully requests that the Court enter judgment in her favor and against Defendants Boeing and Computershare, jointly and severally, grant her damages in an amount to be proved at trial but which exceeds $75,000, costs and interest, and order whatever additional relief it deems appropriate.

## COUNT II:
**(Conversion)**

63. Plaintiff restates and incorporates the allegations contained in ¶¶ 1 through 62 as though fully set forth herein.

12

64. As set forth in detail above, Lana Weinbach was, and is, entitled to possession of the Original Boeing Shares in that she was, and is, their rightful owner.

65. As set forth in detail above, Defendants exercised unauthorized control over the Original Boeing Shares and transferred them or caused them to be transferred to the Treasurer.

66. As a result, as set forth in detail above, Lana Weinbach has been deprived of possession of the Boeing Shares in that the Treasurer sold them.

67. As a result, Lana Weinbach has suffered damages in that she has lost possession and ownership of the Boeing shares, which, to date, far exceed the value of the shares at the time of Defendants' wrongful escheat to the State Treasurer.

WHEREFORE, Plaintiff Lana Weinbach respectfully requests that the Court enter judgment in her favor and against Defendants Boeing and Computershare, jointly and severally, grant her damages in an amount to be proved at trial but which exceeds $75,000, costs and interest, and order whatever additional relief it deems appropriate.

## COUNT III
**(Breach of Fiduciary Duty)**

68. Plaintiff restates and incorporates the allegations contained in ¶¶ 1 through 67 as though fully set forth herein.

69. As set forth above, with respect to Plaintiff's Boeing shares, the Defendants by their superior knowledge and position owed a fiduciary duty to Ms. Weinbach to safeguard and protect her shares, to maintain accurate books and records and to otherwise refrain from engaging in conduct that would unilaterally dispossess Plaintiff of her shares.

70. As set forth above, Defendants knew or should have known that it possessed information that Plaintiff and her father maintained another active Boeing account, which would prevent Defendants from presuming Plaintiff's shares as abandoned property.

13

71. As set forth above, Defendants' breached their fiduciary duties to Plaintiff by wrongfully escheating her Boeing share to the State Treasurer.

72. As a direct and proximate result of Defendants' misconduct, Plaintiff suffered damages, including the lost value of her Boeing shares, which exceeds $75,000.

WHEREFORE, Plaintiff Lana Weinbach respectfully requests that the Court enter judgment in her favor and against Defendants Boeing and Computershare, jointly and severally, grant her damages in an amount to be proved at trial but which exceeds $75,000, costs and interest, and order whatever additional relief it deems appropriate.

    Respectfully submitted,

    SWMW LAW, LLC

    /s/ Michael A. Brockland
    Michael A. Brockland #MO60856
    701 Market Street, Ste. 1000
    St. Louis, MO 63101
    314-480-5180 telephone
    mike@swmwlaw.com