# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF MISSOURI
# EASTERN DIVISION

| | |
|---|---|
| LANA WEINBACH, | ) |
|     Plaintiff, | ) ) ) |
| v. | )   Case No. 4:18-CV-00381-JAR |
| THE BOEING COMPANY and COMPUTERSHARE, INC., | ) ) ) ) |
|     Defendants. | ) |

## MEMORANDUM AND ORDER

This matter is before the Court on the separate motions to dismiss filed by Defendants The Boeing Company ("Boeing") and Computershare, Inc. ("Computershare"). (Doc. Nos. 17 and 23). The motions are fully briefed and ready for disposition. For the following reasons, the motions to dismiss will be granted in part and denied in part.

**I.**     **Background**

In 2008, Plaintiff Lana Weinbach's stock in Defendant The Boeing Company was turned over to the State of Missouri after it was presumed to be abandoned. (Compl., Doc. No. 1 ¶¶ 23). Specifically, Boeing, though its agent Computershare, reported 2,589 of Plaintiff's shares were abandoned property, and those shares were transferred to the Treasurer of the State of Missouri under the procedures set forth by the Missouri Uniform Disposition of Unclaimed Property Act ("UDUPA"), Mo. Rev. Stat. § 447.50, *et seq.* (Compl. at ¶ 25). Plaintiff alleges that Boeing and Computershare (collectively, "Defendants") failed to comply with the UDUPA because they transferred Plaintiff's shares without complying with the statute's notice requirements. (Compl. at ¶ 31-32).

In October 2010, the Treasurer sold Plaintiff's shares in accordance with state regulations. (Compl. at ¶ 38). Plaintiff claims that the value of her shares in October 2010 is significantly lower than the current value of those shares (an amount exceeding $960,000). (Compl. at ¶¶ 39-40).

On March 7, 2018, Plaintiff filed this action against Defendants asserting three causes of action: negligence (Count I); conversion (Count II); and breach of fiduciary duty (Count III). Boeing moves to dismiss Plaintiff's complaint on several grounds. Boeing first argues that the UDUPA administrative process is the exclusive remedy for Plaintiff's injuries, and Plaintiff has failed to exhaust those remedies. Boeing also contends that Plaintiff fails to state a claim for which relief may be granted. Boeing argues that Plaintiff's negligence claim is actually a claim for negligence per se and that Missouri does not recognize a private right of action under the UDUPA. Boeing also argues that Plaintiff's conversion claim fails because Boeing never assumed a right of ownership over the property. Lastly, Boeing maintains that Plaintiff's breach of fiduciary duty claim fails because Boeing itself owes no fiduciary duty to its stockholders under Delaware law. Defendant Computershare advances similar arguments in its motion to dismiss, except that it claims Plaintiff cannot state a claim for breach of fiduciary duty against it as a transfer agent.

## II.     Legal Standard

In ruling on a motion to dismiss, the Court assumes all facts alleged in the complaint are true, and liberally construes the complaint in the light most favorable to the plaintiff. *Eckert v. Titan Tire Corp.*, 514 F.3d 801, 806 (8th Cir. 2008). The purpose of a motion to dismiss under Federal Rule of Civil Procedure 12(b)(6) is to test the legal sufficiency of the complaint. An action fails to state a claim upon which relief can be granted if it does not plead "enough facts to

state a claim to relief that is plausible on its face." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555, 570 (2007). To survive a motion to dismiss, a plaintiff's factual allegations "must be enough to raise a right to relief above the speculative level." *Id*. at 555.

**III.   Discussion**

   a. Exhaustion of Administrative Remedies

Under Missouri law, a trial court does not have subject matter jurisdiction in a case in which the party seeking judicial review has not exhausted all administrative remedies. *Doody v. State, Dep't of Soc. Servs., Div. of Child Support Enf't*, 993 S.W.2d 563, 565 (Mo. Ct. App. 1999). "The purpose of exhaustion is to prevent premature interference with agency processes so that the agency may function efficiently and so that it may have an opportunity to correct its own errors, to afford the parties and the courts the benefit of its experience and expertise, and to compile a record that is adequate for judicial review." *Id.* (internal citation omitted).

Boeing argues that Plaintiff's complaint should be dismissed so that she may submit her claim through the proper administrative procedures under the UDUPA. (Doc. No. 20 at 13). Plaintiff responds that exhaustion is an affirmative defense, not a pleading requirement, and that, in any event, her administrative remedy was inadequate because the value of her shares at the time they were sold by the Treasurer in 2010 is substantially less than their current value. Boeing replies that if Plaintiff already obtained the relief sought, she should be prohibited from obtaining a double recovery from both Boeing and the State. Moreover, Boeing argues that the UDUPA does not create a private cause of action against Boeing.

Boeing does not cite, nor can the Court identify, any case law requiring Plaintiff to affirmatively plead administrative remedies. Thus, failure to exhaust is an affirmative defense that cannot be resolved on this motion to dismiss record.

3

b. Negligence

To make an adequate claim for common law negligence, a plaintiff must establish that the defendant had a duty to protect the plaintiff from injury, the defendant failed to perform that duty, and the defendant's failure proximately caused injury to the plaintiff. *Lopez v. Three Rivers Electric Co–op., Inc.*, 26 S.W.3d 151, 155 (Mo. banc 2000). Existence of a duty is normally based on foreseeability that the conduct complained of might lead to the injury suffered. *Id.* at 219. If the injury is foreseeable and the conduct occurred, the duty has been breached. *Id.*

Plaintiff alleges that Defendants owed her a duty under the UDUPA to exercise reasonable and necessary diligence consistent with good business practices to ascertain her whereabouts before assuming that her stock had been abandoned. (Compl. at ¶ 58). Defendants argue that Plaintiff is actually asserting a claim for negligence per se and that a statute cannot establish the duty owed to a plaintiff in a negligence action. In support, they point to nearly identical action filed by Plaintiff: *Weinbach v. Starwood Hotels & Resorts Worldwide, Inc.,* No. 4:16CV783JCH, 2017 WL 3621459, at *3 (E.D. Mo. Aug. 23, 2017). Defendants argue that Plaintiff's claims before the Court here should fail for similar reasons.

In *Starwood Hotels*, Plaintiff asserted a claim of negligence per se for the defendant's failure to make proper efforts to locate Plaintiff before deeming her shares to be abandoned and transferring them to the Treasurer. *Id.* The Court rejected her claim, holding that the UDUPA did not create a private right of action and that the UDUPA was not a safety statute and thus could not provide a basis for common law negligence per se.

Here, Plaintiff brings a negligence claim which, unlike negligence per se, does not require the Court to examine legislative intent or whether the UDUPA allows such a claim. Thus, the decision in *Starwood Hotels* is not dispositive.

Instead, the Court finds *Sill v. Burlington N. R.R.*, 87 S.W.3d 386, 391–92 (Mo. Ct. App. 2002) to be instructive. In *Sill*, the plaintiffs were injured as a result of a collision between their vehicle and a horse that escaped through a fence owned and maintained by the railroad. *Id.* at 388. The plaintiffs claimed that the railroad was negligent for its violation of a Missouri statute requiring railroads to "erect and maintain lawful fences" along the railroad right-of-way. *Id.* at 389, 392. The railroad argued that the statute did not create a duty under negligence per se or common law negligence. *Id.* at 392.

The Missouri Court of Appeals held that "it would be foreseeable to [the railroad] that failure to exercise reasonable care in the maintenance of the fence along its right-of-way could lead to an animal proceeding onto the track, traveling beyond the right-of-way, and colliding with an automobile on a nearby public highway." *Id.* at 394. Therefore, it held that the same principles applied to a claim of violations of the statutory duty as to a violation of a duty imposed under the general principles of law. *Id.* Here, it is foreseeable that Defendants' failure to exercise due care in locating and notifying stockholders before transferring their shares to the Treasurer would lead to the wrongful transfer and loss of property. Thus, the UDUPA may establish a duty of care.

Defendants also argue that Plaintiff must plead "something more" than a mere violation of a regulatory scheme to assert a negligence action. *See Dierkes v. Blue Cross & Blue Shield of Mo.*, 991 S.W.2d 662, 669 (Mo. 1999). Plaintiff has done so here. Although she cites the notice requirements set forth in the statute to establish Defendants' duty of care, her negligence claim is

5

not based solely on a violation of the UDUPA, nor does her claim consist solely of an attempt to enforce the UDUPA. *See id.* Accordingly, Defendants' motions to dismiss Count I will be denied.

    c. Conversion

Generally speaking, "conversion is any distinct act of dominion wrongfully exerted over one's property, in denial of his right or inconsistent with it." *Aldridge v. Francis*, 503 S.W.3d 314, 317 (Mo. Ct. App. 2016) (interal citation omitted). Conversion requires proof of three elements: (1) the plaintiff is entitled to possession of the property; (2) the defendant exercised unauthorized control over the property; and (3) the defendant deprived the plaintiff of [her] right to possession. *Lafayette v. Courtney*, 189 S.W.3d 207, 210 (Mo. Ct. App. 2006).

Defendants argue that Plaintiff's claim for conversion fails because Defendants' possession of the property was authorized under the UDUPA. However, this assumes facts beyond the face of Plaintiff's complaint and makes legal conclusions regarding the propriety of Defendants' actions. Moreover, no Missouri court has expressly rejected a conversion claim based upon a stock transfer. Accordingly, after careful review of Plaintiff's complaint, the Court concludes that Plaintiff has adequately pled conversion, and Defendants' motions to dismiss Count II will be denied.

    4.    Breach of Fiduciary Duty

To state a claim for breach of fiduciary duty under Missouri law, Plaintiff must show: (1) a fiduciary relationship existed; (2) breach; (3) causation; and (4) harm. *Int'l Envtl. Mgmt., Inc. v. United Corp. Servs., Inc.*, 858 F.3d 1121, 1125 (8th Cir. 2017) (citing *Robert T. McLean Irrevocable Tr. v. Patrick Davis, P.C.*, 283 S.W.3d 786, 792–93 (Mo. Ct. App. 2009). Boeing argues that under Delaware law, an issuing corporation does not owe a fiduciary duty to its

stockholders. Computershare argues that no fiduciary duty relationship exists between it, a transfer agent, and Plaintiff.

While a corporation's directors and officers may owe certain fiduciary duties to its shareholders, a corporation itself does not. *See A.W. Fin. Servs., S.A. v. Empire Res., Inc.*, 981 A.2d 1114, 1127 (Del. 2009) (holding that under Delaware law, the issuing corporation is not a fiduciary to its stockholders). Similarly, other courts have found that a transfer agent holds a duty to the corporation, not the shareholder. *See Affiliated Ute Citizens v. United States*, 406 U.S. 128, 152 (1972) ("if the two men and the employer bank had functioned merely as a transfer agent, there would have been no duty of disclosure" under securities law); *Guilfoyle v. Olde Monmouth Stock Transfer Co.*, 130 Nev. 801, 810, 335 P.3d 190, 197 (2014) (holding that a transfer agent is not liable to a shareholder for mere nonfeasance, and that a transfer agent's duty was to the corporation); *Mears v. Crocker First Nat. Bank of San Francisco*, 97 Cal. App. 2d 482, 485, 218 P.2d 91, 92 (1950) (holding that there exists no common law fiduciary duty between a stock transfer agent and a shareholder where there is no direct relationship between the parties). Thus, Count III will be dismissed without prejudice.

## IV. Conclusion

Accordingly,

**IT IS HEREBY ORDERED** that Defendant The Boeing Company's motion to dismiss (Doc. No. 17) is **DENIED** as to Counts I and II, and **GRANTED** as to Count III.

**IT IS FURTHER ORDERED** that Defendant Computershare, Inc.'s motion to dismiss (Doc. No. 23) is **DENIED** as to Counts I and II, and **GRANTED** as to Count III.

**IT IS FURTHER ORDERED** that Count III of Plaintiff's Complaint is **DISMISSED without prejudice**.

**IT IS FURTHER ORDERED** that a Rule 16 conference will be set by separate Order.

Dated this 24th day of October, 2018.

_____
**JOHN A. ROSS
UNITED STATES DISTRICT JUDGE**