UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
SOUTHEASTERN DIVISION

| | |
|---|---|
| LANA WEINBACH, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) No. 4:18-cv-00381-JAR |
| | ) |
| THE BOEING COMPANY, et al., | ) |
| | ) |
| Defendants. | ) |

**MEMORANDUM & ORDER**

This matter comes before the Court on Defendant The Boeing Company's motion to compel entry upon land. (Doc. No. 55). Plaintiff Lana Weinbach opposes the motion. (Doc. Nos. 57, 62, 65). For the reasons set forth below, the motion will be denied without prejudice.

**I.      Background**

This lawsuit arises out of the allegedly wrongful transfer by Defendants of Plaintiff's shares of Boeing stock to the State of Missouri. Specifically, Plaintiff maintains that Defendants deemed her Boeing shares abandoned and transferred them to the State without providing her with notice. She maintains in her complaint that she resides at an address on Kingsbury Avenue in St. Louis, Missouri ("Kingsbury address"), and that this has been her primary address for at least the past 60 years.

In its motion to compel, Boeing claims that in 2004, the Kingsbury address was condemned by University City as uninhabitable. Boeing contends that University City held a public nuisance hearing to determine whether demolition of the property was necessary, and the Kingsbury address was ultimately condemned as a fire hazard based on the accumulation of trash at that location.

Defendants claim that Plaintiff is a "hoarder," and that her living conditions are uniquely important to the case because she is asserting that she never received notice that her Boeing stock was being deemed abandoned property. Specifically, Plaintiff maintains that Defendants failed to mail a written notice to her at the Kingsbury address before transmitting her stock to the State of Missouri. Boeing claims that "The condition of that property sheds light on why, and how, Weinbach allegedly managed to never receive, never open, or misplace her mail." ECF No. 56 at 2. Thus, Boeing claims the condition of the property is directly relevant to Plaintiff's credibility.

Plaintiff opposes the motion, arguing that the condition of the property now—years after the transfer took place—is wholly irrelevant, and that Boeing's request to enter the Kingsbury address is intended to intimidate and harass Plaintiff.

On June 28, 2019, the Court held a telephone conference with counsel and directed Boeing to supplement its motion to compel with any photographs of the property taken in connection with University City's condemnation hearings. On July 9, 2019, Boeing complied and attached over 150 pages related to the University City condemnation proceedings, including photographs of the interior of Kingsbury address. Boeing reasserted its arguments in support of its motion, and Plaintiff reasserted her arguments in opposition.

## II. Discussion

A district court has wide discretion in handling pretrial discovery. *Chavis Van & Storage of Myrtle Beach, Inc. v. United Van Lines, LLC*, 784 F.3d 1183, 1198 (8th Cir. 2015). Information is discoverable if it is relevant to any party's claim or defense and is proportional to the needs of the case. Fed. R. Civ. P. 26(b)(1). Discovery may be limited if the court finds the

discovery sought is duplicative or "can be obtained from some other source that is . . . less burdensome." Fed. R. Civ. P. 26(b)(2)(C)(i).

At this stage of the litigation, the Court concludes that Boeing's need to obtain current photographs of the Kingsbury address is disproportionate to the needs of the case, constitutes an unnecessary invasion of Plaintiff's privacy, and is duplicative. Namely, Boeing has in its possession photographs of the Kingsbury address, which were taken closer in time to the events at issue in this lawsuit and are thus more relevant to Boeing's defense and Plaintiff's credibility. However, if, as discovery progresses, Boeing finds other grounds supporting its position that current photographs of the Kingsbury address are necessary, then it may refile its motion to compel entry. Therefore, the Court will deny the motion to compel without prejudice.

**III. Conclusion**

Accordingly,

**IT IS HEREBY ORDERED** that on Defendant The Boeing Company's motion to compel entry upon land (Doc. No. 55) is **DENIED without prejudice**.

Dated this 26th day of July, 2019.

_____
JOHN A. ROSS
UNITED STATES DISTRICT JUDGE